IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| v. : | |
| : | No. 03-88-6 |
| LOUIS CORDERO. : | |

MEMORANDUM RE: MOTION FOR REDUCTION IN SENTENCE

**Baylson, J.**                                                                                              May 11, 2009

I.     Background Facts and Procedural History

On February 25, 2004, Defendant pled guilty to one count of an indictment charging him with conspiracy to distribute and to possess with intent to distribute fifty grams or more of cocaine base ("crack") and one-thousand grams or more of heroin within one-thousand feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 860.  The parties stipulated that two kilograms or more of crack and ten kilograms or more of heroin were distributed by Defendant and his coconspirators in furtherance of the conspiracy.

Given his base offense level and criminal history category under the United States Sentencing Guidelines ("U.S.S.G."), Defendant fell into a sentencing range of 262 to 327 months imprisonment.[1]  However, Count 1 carried a mandatory minimum sentence of life imprisonment, which became the Guideline sentence under § 5G1.1.  Despite those provisions, on December 9,

---

[1]The presentence investigation report reveals that based on the combined quantity of the drugs, Defendant's base offense level was 38.  However, 2 points were added for proximity to a school under § 2D1.2, bringing the level to 40.  That level was adjusted downward 3 points for acceptance of responsibility under §§ 3E1.1(a) and (b).  Thus, Defendant's total offense level was 37.  Given that level and Defendant's criminal history category of III, Defendant's sentencing range was 262 to 327 months imprisonment.

-1-

2005, this Court granted the government's motion for a downward departure for substantial assistance under U.S.S.G. § 5K1.1 and sentenced Defendant to 144 months imprisonment.

Defendant has now filed a Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2). That statute allows for the modification of a term of imprisonment after it has been imposed if the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Defendant asserts that he is entitled to be resentenced under that statute because Amendments 706 and 715 to the Guidelines recently reduced the offense levels and suggested ranges in § 2D1.1 for offenses involving cocaine base, and Defendant pled guilty to and was sentenced for such an offense.

Defendant argues that the sentence imposed was based, at least in part, on what his sentence would have been under § 2D1.1 of the Guidelines, without the mandatory minimum or downward departure. As support for his conclusion, Defendant notes that the final Judgment identifies the otherwise applicable sentencing range under § 2D1.1. According to Defendant, the Court should reconsider his sentence using a base offense level of 35—the level Defendant argues he would be assigned after the recent amendments—and calculate the downward departure from the sentencing range associated with that level, 210 to 262 months imprisonment.

**II.   Discussion**

Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . , the court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

U.S.S.G. § 1B1.10 identifies the Amendments that may be retroactively applied pursuant to the authority granted in § 3582(c)(2). The Sentencing Commission added Amendments 706 and 715 to that list, effective March 3, 2008 and May 1, 2008 respectively. As a result, prisoners sentenced pursuant to § 2D1.1 are entitled to request a reduction in their sentences under § 3582(c)(2).

However, for Defendant to be eligible for a reduction, his sentence must be "based on" a sentencing range that was subsequently lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Defendant cites to an unpublished Eastern District of Pennsylvania case that found the defendant, who had been granted a downward departure from a mandatory minimum sentence, eligible for reduction because the sentencing Court "necessarily took into account, among other factors, the actual guideline range which would have been applicable but for the mandatory minimum." United States v. Hedgebeth, 2008 WL 2719574, at * 1 (E.D. Pa. July 10, 2008) (Fullam, J.). Judge Fullam concluded that the imposed sentence was "at least to some extent, influence by, and therefore 'based on,'" a lowered sentencing range. Id. However, the Third Circuit recently rejected a similar "consulted" argument when it determined that a defendant sentenced pursuant to the career offender provision was not eligible for a reduction even if the court first looked to the otherwise applicable § 2D1.1 range to determine the sentence under the career offender provision. United States v. Mateo, — F.3d —, 2009 WL 750411, at *2 (3d Cir. 2009).

In Mateo, the Third Circuit explained that the language in § 3582(c)(2) is "clear and unambiguous: 'the term "sentencing range" clearly contemplates the end result of the overall guideline calculus, not the series of tentative results reached at various interim steps in the

performance of that calculus.'" Id. at *2 (quoting United States v. Caraballo, 552 F.3d 6, 10 (1st Cir. 2008)). The Third Circuit ultimately concluded that "'if an amended guideline does not have the effect of lowering the sentencing range actually used at sentencing, the defendant's sentence was not based on that range within the intendment of [§ 3582(c)(2)].'" Id. (quoting Caraballo, 552 F.3d at 10). A defendant is thus not entitled to a reduction in sentence merely because he was convicted of or pled guilty to a cocaine base offense; rather, the defendant is eligible for a reduction only if his sentence would have been lower had it been imposed after the amendments.

Just as the Third Circuit found that the recent amendments would not have lowered a sentence imposed under the career offender provision, the amendments to § 2D1.1 would not have affected a sentence derived from a mandatory minimum and a § 5K1.1 motion for a downward departure from that minimum. In the present case, Defendant essentially asserts, as did the defendant in Mateo, that because this Court "consulted" the original base offense level to determine the sentence after the departure, Defendant is eligible for a reduction in sentence under § 3582(c)(2). However, for several reasons, this Court cannot find that Defendant's sentence was "based on" the amended sentencing guidelines and therefore that Defendant is eligible for a reduction.

First, the only evidence Defendant offers to demonstrate that the Court actually did consider, or base its sentence in part on, the § 2D1.1 level is the standard Judgment form. That form requires the Court to complete a section identifying the applicable § 2D1.1 level and corresponding range, even when departing from that range. However, this Court cannot rely on that standard form to determine that the otherwise applicable base level had any influence on the sentence, let alone that the base level served as a "starting point" from which this Court

calculated the downward departure.[2]  Even if the Court had considered the otherwise applicable sentencing range under § 2D1.1, a sentencing court's consideration of the otherwise applicable sentencing range under § 2D1.1 at one step in the sentencing process does not necessitate the conclusion that the sentence was actually based on the § 2D1.1 offense level.  See Mateo, 2009 WL 750411, at *2.

Furthermore, when determining the extent of the downward departure, this Court is not required to consider the sentencing range under § 2D1.1 where a mandatory minimum would have applied instead.  The Third Circuit has explained that the base guideline sentence a court should consider when imposing a sentence after a § 5K1.1 motion is the mandatory minimum sentence, rather than the otherwise applicable sentencing range.  United States v. Cordero (no relation to Defendant), 313 F.3d 161, 165 (3d Cir. 2002) (holding that under U.S.S.G. § 5G1.1(b), "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence").  Thus, this Court was not required to consider the § 2D1.1 sentencing range due to the mandatory minimum, and there is no evidence that it actually did so when determining Defendant's sentence.

In addition, in a recent opinion, the Third Circuit held that a defendant sentenced to a mandatory minimum for a cocaine base offense was not eligible for a reduction under §

---

[2]Notably, the presentence report recommended that the Court impose a sentence of 240 months for Count 1 if it granted a motion for a downward departure.  Yet the Court here imposed a sentence substantially less than the one recommended, and about half of the middle range of the sentence suggested by § 2D1.1.  Given this extreme departure, the Court cannot conclude, without other evidence, that the otherwise applicable § 2D1.1 offense level and corresponding range impacted the Court's ultimate sentence in any way.

3582(c)(2) because a mandatory minimum sentence cannot be altered by any amendments to the sentencing guideline ranges, and thus the amendment would not have had the effect of lowering the defendant's sentence for purposes of § 3582(c). Sanchez-Cordero v. United States 2009 WL 624063, at *1 (3d Cir. 2009); see also United States v. Robinson, 2009 WL 212410, at *2 (E.D. Pa. January 29, 2009) (holding that a court cannot reduce a sentence based on a mandatory minimum under § 3582(c)). Therefore, the proper starting point for this Court's determination of the sentence was the mandatory minimum, rather than the § 2D1.1 range, and a sentence derived from the mandatory minimum cannot be reduced under § 3582(c).

Finally, even if the applicable mandatory minimum and the downward departure from that mandatory minimum did not preclude application of § 3582(c)(2), and assuming this Court had actually considered Defendant's otherwise applicable sentence under § 2D1.1 in determining the sentence, Defendant would not be eligible for a reduction under § 3582(c)(2). Due to the large amount of drugs Defendant was carrying, he would have been assigned a base offense level of 38, without the increase for the location or the decrease for acceptance, even after the recent amendments.[3] As a result, had Defendant been sentenced directly pursuant to § 2D1.1, without the mandatory minimum or downward departure, his sentence would not have been changed by the recent amendments. Therefore, the § 2D1.1 sentencing range that Defendant argues this Court based, at least in part, the imposed sentence on was not "subsequently . . . lowered" by the amendment, as required for reduction under § 3582(c)(2). Defendant's sentence would thus not

---

[3]The combined quantities of crack and heroin attributed to Defendant convert to 50,000 kilograms of marijuana under the Sentencing Guidelines. Contrary to Defendant's assertions that his offense level would be reduced by two after the amendments, both the old and amended versions of the Guidelines assign a level 38 to such a large quantity of marijuana.

qualify for reduction under § 3582(c)(2), even without the mandatory minimum and downward departure complications.

Defendant has offered no evidence or persuasive argument indicating that had Amendments 706 and 715 been in place prior to his sentencing, his ultimate sentence would have been any different.  "Essentially, had the lower Guidelines ranges for cocaine base offenses been in effect when Defendant was originally sentenced, those ranges would not have impacted the actual sentence imposed by this Court."  United States v. Rios, 2009 WL 383750, at *5 (E.D. Pa. February 09, 2009).  Thus, as Defendant's sentence was not based on a sentence that was subsequently lowered by an amendment, Defendant is not entitled to a reduction under § 3582(c)(2).

An appropriate Order follows.


O:\Lauren\Crack Resentencing\USA v. cordero.wpd